IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| GAYLA HANCOCK, | ) |
| Plaintiff, | ) |
| v. | ) No. 6:23-cv-03370-DGK |
| MARTIN J. O'MALLEY,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

### ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Gayla Hancock's application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including anxiety disorder with panic attacks, post-traumatic stress disorder ("PTSD"), depressive disorder, obstructive sleep apnea, chronic-obstructive pulmonary disease ("COPD"), degenerative disc disease of the lumbar spine, spondylosis of the lumbar spine without myelopathy or radiculopathy, left shoulder rotator cuff injury, obesity, congestive heart failure with stenting, coronary artery disease, and dilated cardiomyopathy. Nevertheless, the ALJ found she retained the residual functional capacity ("RFC") to perform a range of light work with certain restrictions. The ALJ ultimately found Plaintiff could perform work as a cotton classer aid or fruit distributer.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for SSI on September 18, 2020, alleging a disability onset date of January 5, 2020. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing on November 8, 2022, and issued a decision finding Plaintiff was not disabled on November 29, 2022. The Appeals Council denied Plaintiff's request for review on October 6, 2023, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ erred at Step Four by failing to properly evaluate the "consistency" factor—as required by 20 C.F.R. § 404.1520c—when assessing the medical opinions of Dr. Charles Nelson and Dr. Michael O'Day. Plaintiff's argument is unpersuasive.

The regulations require an ALJ to focus on the persuasiveness of a medical opinion using the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F.R. § 404.1520c(a)–(c). An ALJ must explain how the consistency factor was considered. *Id.* § 404.1520c(b)(2). Consistency compares the medical opinion to the other evidence (medical and non-medical) in the record. *Id.* § 404.1520c(c)(2). An ALJ's failure to address the consistency factor in assessing the persuasiveness of a medical opinion warrants reversal. *See Bonnett v. Kijakazi*, 859 Fed. App'x. 19, 20 (8th Cir. 2021) (unpublished) (per curium) (reversing where ALJ evaluated supportability factor but not consistency factor).

Here, the ALJ considered two medical opinions by Dr. Nelson and Dr. O'Day and found them persuasive. In doing so, the ALJ stated the following:

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

> In support of their opinion, [Dr. Nelson and Dr. O'Day] cited mild findings on imaging of the lumbar spine, with conservative treatment. They also noted her COPD. In terms of the lifting overhead limitation, they cited decreased range of motion in the left upper extremity, noting she could barely raise her arm to 45 degrees. However, the undersigned found the claimant could occasionally reach overhead instead of "rarely" due to noted improvement in her ability to reach. The undersigned also added limits on her exposure to pulmonary irritants to account for her COPD.

R. at 29 (internal citation omitted). Plaintiff contends the ALJ's opinion fails to address the consistency factor. More specifically, Plaintiff argues Dr. Nelson and Dr. O'Day's opinion that Plaintiff could perform a range of light work was inconsistent with the record. Both lines of argument are unavailing.

First, the ALJ implicitly addressed the consistency factor when she discussed Plaintiff's ability to reach overhead and limited Plaintiff's exposure to pulmonary irritants. That is, by deviating from the medical opinions based on other evidence, the ALJ clearly compared the opinions to the other evidence of record.[2] While the ALJ could have provided more explanation, "an arguable deficiency in opinion-writing technique does not require us to set aside an administrative finding when that deficiency had no bearing on the outcome." *Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008) (internal quotation marks omitted).

Second, the ALJ did not give controlling weight to any medical opinion but instead thoroughly considered the medical evidence and found it did "not support any greater limitations." R. at 29–30; *see also* R. at 24–28 (detailing Plaintiff's medical history). In determining Plaintiff could perform a range of light work, the ALJ considered Plaintiff's subjective complaints, conservative treatment, examinations within normal limits, daily activities, and medical records

---

[2] For example, Dr. Nelson and Dr. O'Day relied on medical records from January 27, 2021, when concluding Plaintiff's ability to reach overhead should be limited to "rarely." *See* R. at 85, 97. Conversely, the ALJ cited to records from January 5, 2022, indicating an improved range of motion. *See* R. at 29, 1104.

4

that post-dated Dr. Nelson and Dr. O'Day's opinions. *See* R. at 24, 28, 30. While Plaintiff contends the evidence supports a different outcome, that alone is insufficient to find the ALJ committed reversible error. *See Buckner*, 646 F.3d at 556.

Accordingly, because the consistency factor was clearly addressed and supported by substantial evidence on the record as a whole, the ALJ did not err at Step Four.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  July 9, 2024 　　　　　　　　　　　　　　/s/ Greg Kays　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT